NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
GLENN R. COFFMAN, SBN 305669
glenn.coffman@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:   (213) 622-9100
Facsimile:   (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>TIMBER LOGGING COMPANY LLC, an Idaho limited liability company; JACOB HATFIELD, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A/ BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT NO. 1**<br><br>**2. BREACH OF PERSONAL GUARANTY NO. 1**<br><br>**3. BREACH OF EQUIPMENT FINANCING AGREEMENT NO. 2**<br><br>**4. BREACH OF PERSONAL GUARANTY NO. 2** |

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation, ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Timber Logging Company LLC ("Timber Logging Company") is, and at all times relevant to this action was, an Idaho limited liability company with its principal place of business in the County of Bonner, State of Idaho.

3. Defendant Jacob Hatfield ("Hatfield"), an individual, is and at all times relevant to this action was, a resident of the County of Bonner, State of Idaho and was an officer, director, shareholder, agent and/or owner of Defendant Timber Logging Company.

4. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

5. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections

1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

6. Pursuant to the Equipment Financing Agreement and Guaranty described herein below, defendant Timber Logging Company and defendant Hatfield agreed that the Equipment Financing Agreement would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **25. GENERAL.** This agreement shall be governed by the law of the state of California. Debtor submits to the jurisdiction of California and agrees that the California state courts of orange county and/or the United States District Court for the central district of California, Santa Ana division, shall have exclusive jurisdiction over any action or proceeding to enforce this agreement or any action or proceeding arising out of this agreement.

7. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

8. <u>Venue</u>. This case is properly venued in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

# FIRST CAUSE OF ACTION
## (Breach of Equipment Financing Agreement No. 1)
## (Against Timber Logging Company)

9. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

10. Prior to July 2022, Balboa is informed and believes that Timber Logging Company initiated and engaged with Timber Logging Company LLC located at 1000 Carr Creek Road Sandpoint, ID 83864 ("Equipment Vendor No. 1"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral No. 1") for its business. The Equipment

Vendor No. 1 worked with Timber Logging Company in the selection of the Collateral No. 1 and in coordinating its delivery.

11. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor No 1. initiated and coordinated submission of Defendants' electronic credit application to Balboa and other financial institutions. Upon review, Timber Logging Company concluded that Balboa offered agreeable terms to finance the Collateral No. 1 commensurate with its requirements. Thereafter, the Equipment Vendor No. 1 accumulated and submitted to Balboa the requisite signatories, documentation and financial information from the Defendants to finance the Collateral No. 1 being supplied by the Equipment Vendor.

12. On or about July 26, 2022, Balboa executed and delivered to Timber Logging Company a certain written Equipment Financing Agreement No. 406296-000 (the "EFA No. 1"), under the terms of which Balboa loaned to Timber Logging Company the principal sum of seventy-six thousand two hundred and eight dollars and seventy-one cents ($76,208.71) in order to finance the Collateral No. 1 for its business. The EFA No. 1 required Timber Logging Company to make sixty (60) monthly payments of $1,685.61, payable on the 24th day of each month beginning August 24, 2022. A true and correct copy of the EFA No. 1 is attached as **Exhibit A** and is incorporated here by reference.

13. The last payment received by Balboa was credited toward the monthly payment due for August 24, 2023. Therefore, on or about September 24, 2023, Timber Logging Company breached the EFA No. 1 by failing to make the monthly payment due on that date. Defendant Timber Logging Company's failure to make timely payments is a default under the terms of the EFA No. 1.

14. In accordance with the EFA No. 1, and as a proximate result of Timber Logging Company' default thereunder, Balboa declared the entire balance of the payments under the EFA No. 1 to be immediately due and payable to Balboa. In addition, pursuant to the EFA No. 1, Balboa is entitled to recover all accelerated

payments due under the EFA No. 1. Therefore, there became due the sum of $79,223.67. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Timber Logging Company.

15. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA No. 1, except as excused or prevented by the conduct of Timber Logging Company.

16. In addition, the terms of the EFA No. 1 provide that Timber Logging Company is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $303.41 are now due and owing.

17. As a proximate result of Timber Logging Company' breach of the EFA No. 1, Balboa has been damaged in the total sum of $81,212.70, plus prejudgment interest from September 24, 2023, until the entry of judgment herein.

18. Further, under the terms of the EFA No. 1, Timber Logging Company promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA No. 1. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Timber Logging Company.

19. The EFA No. 1 also provides Balboa the remedy of possession of the Collateral No. 1 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 1 and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral No. 1.

## SECOND CAUSE OF ACTION
### (Breach of Guaranty No. 1)
### (Against Hatfield)

20. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

COMPLAINT

21. Concurrent with the execution of the EFA No. 1, and in order to induce Balboa to enter into the EFA No. 1 with Timber Logging Company, Hatfield guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA No. 1. A true and correct copy of the written Personal Guaranty signed by Hatfield (the "Guaranty No. 1") is attached as **Exhibit B** and incorporated herein by reference.

22. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty No. 1, except as excused or prevented by the conduct of Hatfield.

23. Following a default of Timber Logging Company under the terms of the EFA No. 1, Balboa demanded Hatfield make the payments required under the EFA No. 1. Hatfield failed to meet the guaranty obligations and make the payments required under the EFA No. 1.

24. Pursuant to the terms of the Guaranty No. 1, the sum of $81,212.70, plus prejudgment interest from September 24, 2023, is due and payable to Balboa from Hatfield. This Complaint, in addition to previous demands, shall constitute further demand upon Hatfield to pay the entire indebtedness due and owing from Timber Logging Company to Balboa under the terms of the EFA No. 1.

25. Under the terms of the Guaranty No. 1, Hatfield promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA No. 1 and the Guaranty No. 1. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Hatfield.

### THIRD CAUSE OF ACTION
### (Breach of Equipment Financing Agreement No. 2)
### (Against Timber Logging Company)

26. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

27. Prior to July 2022, Balboa is informed and believes that Timber Logging Company initiated and engaged with Ritchie Bros. Auctioneers (America) Inc. located at 4000 Pine Lake Road Lincoln, NE 68516 ("Equipment Vendor No. 2"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral No. 2") for its business. The Equipment Vendor No. 2 worked with Timber Logging Company in the selection of the Collateral No. 2 and in coordinating its delivery.

28. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor No 2. initiated and coordinated submission of Defendants' electronic credit application to Balboa and other financial institutions. Upon review, Timber Logging Company concluded that Balboa offered agreeable terms to finance the Collateral No. 2 commensurate with its requirements. Thereafter, the Equipment Vendor No. 2 accumulated and submitted to Balboa the requisite signatories, documentation and financial information from the Defendants to finance the Collateral No. 2 being supplied by the Equipment Vendor.

29. On or about July 26, 2022, Balboa executed and delivered to Timber Logging Company a certain written Equipment Financing Agreement No. 406296-001 (the "EFA No. 2"), under the terms of which Balboa loaned to Timber Logging Company the principal sum of twenty-two thousand three hundred and forty-eight dollars and thirty cents ($22,348.30) in order to finance the Collateral No. 2 for its business. The EFA No. 2 required Timber Logging Company to make twenty-four (24) monthly payments of $1,057.76, payable on the 18th day of each month beginning August 18, 2022. A true and correct copy of the EFA No. 2 is attached as **Exhibit C** and is incorporated here by reference.

30. The last payment received by Balboa was credited toward the monthly payment due for August 18, 2023. Therefore, on or about September 18, 2023, Timber Logging Company breached the EFA No. 2 by failing to make the monthly

payment due on that date. Defendant Timber Logging Company's failure to make timely payments is a default under the terms of the EFA No. 2.

31. In accordance with the EFA No. 2, and as a proximate result of Timber Logging Company' default thereunder, Balboa declared the entire balance of the payments under the EFA No. 2 to be immediately due and payable to Balboa. In addition, pursuant to the EFA No. 2, Balboa is entitled to recover all accelerated payments due under the EFA No. 2. Therefore, there became due the sum of $11,635.36. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Timber Logging Company.

32. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA No. 2, except as excused or prevented by the conduct of Timber Logging Company.

33. In addition, the terms of the EFA No. 2 provide that Timber Logging Company is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $126.93 are now due and owing.

34. As a proximate result of Timber Logging Company' breach of the EFA No. 2, Balboa has been damaged in the total sum of $12,820.05, plus prejudgment interest from September 18, 2023, until the entry of judgment herein.

35. Further, under the terms of the EFA No. 2, Timber Logging Company promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA No. 2. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Timber Logging Company.

36. The EFA No. 2 also provides Balboa the remedy of possession of the Collateral No. 2 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 2 and apply the net proceeds

from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral No. 2.

## FOURTH CAUSE OF ACTION

### (Breach of Guaranty No. 2)

### (Against Hatfield)

37. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

38. Concurrent with the execution of the EFA No. 2, and in order to induce Balboa to enter into the EFA No. 2 with Timber Logging Company, Hatfield guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA No. 2. A true and correct copy of the written Personal Guaranty signed by Hatfield (the "Guaranty No. 1") is attached as **Exhibit D** and incorporated herein by reference.

39. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty No. 2, except as excused or prevented by the conduct of Hatfield.

40. Following a default of Timber Logging Company under the terms of the EFA No. 2, Balboa demanded Hatfield make the payments required under the EFA No. 2. Hatfield failed to meet the guaranty obligations and make the payments required under the EFA No. 2.

41. Pursuant to the terms of the Guaranty No. 2, the sum of $12,820.05, plus prejudgment interest from September 18, 2023, is due and payable to Balboa from Hatfield. This Complaint, in addition to previous demands, shall constitute further demand upon Hatfield to pay the entire indebtedness due and owing from Timber Logging Company to Balboa under the terms of the EFA No. 2.

42. Under the terms of the Guaranty No. 2, Hatfield promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement

of the EFA No. 2 and the Guaranty No. 2. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Hatfield.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

**On the First and Second Causes of Action:**

1. The principal sum $81,212.70;
2. Prejudgment interest from September 24, 2023 to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial;
4. An order to recover possession of the Collateral No. 1 which is the subject of the EFA No. 1, or if the Collateral No. 1 cannot be delivered, for its reasonable value according to proof;
5. Reasonable attorneys' fees and costs;
6. Costs of suit as provided by law; and
7. Such other and further relief that the Court considers proper.

**On the Third and Fourth Causes of Action:**

1. The principal sum $12,820.05;
2. Prejudgment interest from September 18, 2023 to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial;
4. An order to recover possession of the Collateral No. 2 which is the subject of the EFA No. 2, or if the Collateral No. 2 cannot be delivered, for its reasonable value according to proof;
5. Reasonable attorneys' fees and costs;
6. Costs of suit as provided by law; and

7.  Such other and further relief that the Court considers proper.

DATED: December 15, 2023         SALISIAN | LEE LLP

By: _____
    Neal S. Salisian
    Glenn Coffman
    Jared T. Densen

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION